UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN COBBINS

VERSUS

JONATHAN GRAHAM, ET AL.

CIVIL ACTION

NO. 21-155-JWD-EWD

## RULING AND ORDER

Defendants Christopher Sollie ("Sollie"), Kevin Reeves, John Riles, Mark Richard, Len Marie, and Scott Davis have filed a Motion to Stay Discovery[1] pending resolution of their Motion for Summary Judgment,[2] in which Sollie raises the defense of qualified immunity. Plaintiff Kevin Cobbins ("Plaintiff") opposes the Motion to Stay.[3] Although Plaintiff acknowledges that case law generally requires a stay of discovery pending resolution of qualified immunity, Plaintiff argues a stay is not appropriate where qualified immunity is sought by motion for summary judgment which requires consideration of evidence beyond the pleadings, and that a stay of all discovery is not appropriate where only Sollie has asserted the qualified immunity defense.

While it is a close question, the Motion to Stay will be granted. Under *Scott v. Harris*, video evidence can establish the propriety of summary judgment when the non-movant's version of events was "so utterly discredited" by video evidence "that no reasonable jury could have believed him," such that the court "should have viewed the facts in the light depicted by the videotape."[4] Plaintiff has laid out his version of events in a lengthy and detailed Amended Complaint.[5] If the video evidence completely discredits Plaintiff's version, Sollie is entitled to qualified immunity. If not, the case will proceed through discovery. Additionally, because Sollie is the officer Plaintiff

---

[1] R. Doc. 31.
[2] R. Doc. 26.
[3] R. Doc. 44.
[4] 550 U.S. 372, 380 (2007).
[5] R. Doc. 4.

alleges tased him, all discovery will be stayed pending resolution of the Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff claims his constitutional rights were violated during a traffic stop, which resulted in his arrest. While traveling on Interstate 55 near Hammond, Louisiana, Plaintiff's car was pulled over and he was "immediately surrounded by five Tangipahoa Parish Sheriff's Officers ("TPSO") and a Louisiana State Police ("LSP") trooper with weapons drawn, shouting."[6] According to Plaintiff he threw his keys out of the car he had recently rented and was trying to remember how to open the door when officers "grabbed and pulled [him] from the car," threw him to the ground and pinned him there.[7] Plaintiff says that Defendant Jonathan Graham pulled him over and struck him while he was pinned to the ground; that Defendants Caleb Mott, Christopher Shaw, Brian Harkins, and Scott Glenn pulled him out of the car and threw him to the ground; and that Defendant Sollie tased him.[8] Defendants Mark Richards, Len Marie, and Scott Davis purportedly trained Sollie in use of force. Defendant John Riles, Sollie's commander, failed to counsel or discipline Sollie despite multiple use of force reports involving Black men stopped for minor infractions.[9] Defendant Kevin Reeves was the former superintendent of LSP, who "condoned this culture."[10] Defendant Daniel Edwards, Tangipahoa Parish Sheriff, is alleged to have failed to provide policies or training about the constitutional requirement of justified, reasonable, and proportional force, or the duty of other officers to intervene to stop brutality inflicted by other officers in their presence.[11]

---

[6] R. Doc. 4, ¶1.
[7] R. Doc. 4, ¶2.
[8] R. Doc. 4, ¶3.
[9] R. Doc. 4, ¶4.
[10] *Id*.
[11] *Id*.

Graham, Mott, Shaw, Harkins, Glenn, and Sollie, whom Plaintiff alleges participated in the traffic stop, are sued in their individual capacities for excessive force and for failure to intervene in excessive force used against Plaintiff by other officers.[12] Edwards is sued in his individual and official capacities as a final policymaker for the training, supervision, discipline, and control of TPSO staff and for all administration, polices, practices, and operations of TPSO.[13] Reeves is sued in his individual capacity as a final policymaker for the training, supervision, discipline, and control of LSP staff and for all administration, polices, practices, and operations of LSP.[14] Riles is sued in his individual capacity as a final policymaker for the training, supervision, discipline, and control of LSP, Troop L staff and for all administration, polices, practices, and operations of LSP, Troop L.[15] Richards is sued in his individual capacity as a final policymaker for the training, supervision, discipline, and control of LSP Training Academy staff and for all administration, polices, practices, and operations of LSP Training Academy.[16] Marie is sued in his individual capacity as a final policymaker for the training, supervision, discipline, and control of LSP Training Operations staff and for all administration, polices, practices, and operations of LSP Training Operations.[17] Davis is sued in his individual capacity as a final policymaker for the training, supervision, discipline, and control of LSP in-service training and use of force instruction staff and for all administration, polices, practices and operations of LSP in-service training and use of force instruction.[18]

---

[12] R. Doc. 4, ¶¶ 12-17
[13] R. Doc. 4, ¶18.
[14] R. Doc. 4, ¶ 19.
[15] R. Doc. 4, ¶ 20.
[16] R. Doc. 4, ¶ 21.
[17] R. Doc. 4, ¶ 22.
[18] R. Doc. 4, ¶ 23.

Plaintiff files this action under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights under the United States Constitution and for violations of Louisiana state laws.[19]  He seeks a declaratory relief, damages, attorney's fees, and costs.[20]

## II.    LAW AND ANALYSIS

In *Carswell v. Camp*, the Fifth Circuit has recently overruled the "careful procedure" that permitted limited discovery when qualified immunity is asserted in a motion to dismiss.[21]  That procedure required a district court to first "determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."  If a plaintiff alleged specific facts that both allowed the court to draw the reasonable inference that the defendant is liable for the harm the plaintiff has alleged and that defeated a qualified immunity defense with equal specificity,[22] then the district court could "defer its qualified immunity ruling and order limited discovery if the court remains unable to rule on the immunity defense without further clarification of the facts."[23]  In the context of a qualified immunity defense asserted in a motion to dismiss, this framework is no more.  As *Carswell* explained, "[t]he Supreme Court has now made clear that a plaintiff asserting claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any discovery*."[24]  *Carswell* conclusively establishes that all discovery must be stayed pending resolution of a qualified immunity defense raised in a motion dismiss, but does not end the inquiry here where the defense is asserted via summary judgment so that evidence outside the original pleadings may be considered.[25]

---

[19] R. Doc. 4, ¶¶ 7 & 8.
[20] R. Doc 4, ¶ prayer for relief.
[21] No. 21-10171, --- F.4th 2022 ----, 2022 WL 2186363 (5th Cir. 2022).
[22] *Id.*, at * 3.
[23] *Id*.
[24] *Id.* (emphasis in original).
[25] *Id.* ("Thus, *Iqbal* squarely repudiated our 'careful procedure' for allowing tailored discovery before a district court rules on an official's motion to dismiss.  When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion.").

The evidence in question here is video footage of the incident. Under *Scott v. Harris*, video evidence can establish the propriety of summary judgment when the video evidence so utterly discredits the non-movant's version of events that no reasonable jury could believe him, such that the court must view the facts in the light required by the videotape.[26] Plaintiff acknowledges the holding of *Scott* in his summary judgment opposition,[27] but argues that an inability to conduct discovery disadvantages him in responding to the motion for summary judgment. As noted by Plaintiff, it is possible, for example, that other video footage of the incident exists that might show a different version of events than the video footage selected by Defendants in support of their summary judgment motion.[28] Without an opportunity to conduct discovery, Plaintiff will not even know whether such video evidence exists. Still, Plaintiff has laid out his version of events in a 47-page Amended Complaint. In other words, he has had the opportunity to adequately set out the facts that he believes support his claim. If the video evidence completely discredits Plaintiff's version, Sollie is entitled to qualified immunity. If not, the case will proceed through discovery.[29]

This is not to say that every case in which a defendant elects to assert qualified immunity through a summary judgment motion which requests consideration of evidence outside the

---

[26] 550 U.S. 372, 380.
[27] R. Doc. 49, p. 18.
[28] R. Doc. 49, pp. 25-27.
[29] No discovery will be permitted until Sollie's qualified immunity defense is resolved. First, while, unlike in this case, all the individual defendants in *Carswell* asserted qualified immunity and the scheduling order at issue permitted discovery as to even those individuals to the extent they were fact witnesses as to claims of others not asserting immunity, *Carswell* seems to more broadly foreclose discovery when qualified immunity is asserted. Specifically, *Carwell's* citation to *Iqbal* for the proposition that individuals asserting immunity should not be forced to participate in the discovery process as to others until the assertion of immunity in a motion to dismiss is resolved, suggests that there are few, if any, situations where discovery even as to co-defendants not raising qualified immunity should be allowed to proceed. *Carswell*, 2022 WL 218663, at *4. Additionally, the concern raised by *Iqbal*, and echoed by *Carswell*, of forcing defendants who have asserted qualified immunity to participate in discovery as to other defendants, to "ensure the case does not develop in a misleading or slanted way that causes prejudice to their position," *Carswell*, 2022 WL 218663, at *4, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009), is particularly pronounced where, as here, different law enforcement agencies were involved in the underlying excessive force violations. Finally, even without *Carswell's* clarification on this issue, it would be appropriate to stay all discovery where, as here, one of Plaintiff's primary complaints of excessive force and injury arises from Sollie tasing him and most of the other defendants are alleged to be liable as either bystanders or for failure to adequately train and/or supervise.

pleadings should warrant a stay of discovery.  The decision in this case is specifically limited to the fact that the only additional evidence to consider is video evidence,[30] in light of the *Scott* holding.[31]

### III.  CONCLUSION

Under the specific facts of this case, where only video evidence is submitted in support of a summary judgment motion that raises the qualified immunity defense, a stay of discovery is warranted. Accordingly,

**IT IS ORDERED** that the Motion to Stay Discovery[32] is **GRANTED**.

**IT IS FURTHER ORDERED** that all discovery in this matter is **STAYED** pending resolution of the qualified immunity defense raised by Defendant Christopher Sollie in the Motion for Summary Judgment.[33]

Signed in Baton Rouge, Louisiana, on July 11, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] *See* Affidavit of Louis Catalato, the dashboard and body camera video custodian for LSP, Troop L.  R. Doc. 26-2.
[31] As noted above, Plaintiff has also asserted under Fed. R. Civ. Proc. 56(d) that he is not able to adequately contest the summary judgment motion.  R. Doc. 49, pp. 25-27.  In other words, the question of whether discovery should be permitted before Sollie's qualified immunity defense is resolved is also before the Court on the summary judgment motion.
[32] R. Doc. 31.
[33] R. Doc. 26.